OPINION
{¶ 1} On May 12, 2002, appellant was charged with two counts of leaving the scene, driving under the influence, assured clear distance, failure to control and falsification. At his arraignment on May 30, 2002, appellant requested the appointment of a public defender to represent him in this matter. The trial court granted appellant's request. The trial court conducted a pretrial on June 17, 2002. At the pretrial, the trial court scheduled this matter for trial on July 5, 2002.
 {¶ 2} On the day of trial, appellant requested that a different public defender be appointed to represent him. The trial court denied appellant's request as being untimely. Prior to the commencement of the trial, appellant accepted a plea agreement. Pursuant to this agreement, the state dismissed the driving under the influence charge because of insufficient evidence. Appellant entered guilty pleas to the charges of leaving the scene of the accident and falsification. The state also dismissed the charges of assured clear distance and failure to control.
 {¶ 3} Following the acceptance of appellant's guilty pleas, the trial court sentenced him accordingly. Appellant timely filed a notice of appeal. On September 16, 2002, Attorney Norman Davitt submitted a brief pursuant to Anders v. California(1967), 386 U.S. 738. Attorney Davitt requests that he be permitted to withdraw as appellant's counsel. Attorney Davitt complied with the requirements of Andersand served appellant with a copy of the merit brief filed on his behalf. Attorney Davitt also notified appellant that he had thirty days within which to file a pro se brief, which appellant has not done.
 {¶ 4} This court must now determine whether Attorney Davitt's request to withdraw should be granted and whether to dismiss the instant appeal as wholly frivolous. In Anders, the United States Supreme Court established five criteria which must be met before a motion to withdraw may be granted:
 {¶ 5} (1) A showing appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous.
 {¶ 6} (2) A showing a motion to withdraw has been filed by appellant's counsel.
 {¶ 7} (3) The existence of a brief filed by appellant's counsel raising any potential assignments of error.
 {¶ 8} (4) A showing appellant's counsel provided to the appellant a copy of said brief.
 {¶ 9} (5) A showing appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address. Id. at 744.
 {¶ 10} Upon a finding these criteria have been met, Andersexplains:
 {¶ 11} "* * * the court — not counsel — proceeds, after full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on the merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id.
 {¶ 12} We find the criteria established by the United States Supreme Court, in Anders, have been met. First, Attorney Davitt represents to this court, through the merit brief filed on appellant's behalf, that he made a thorough review of the case, therefore, satisfying the first criteria. Next, Attorney Davitt filed a "Brief of Defendant/Appellant" and "Motion to Withdraw" from the case, which satisfies the second and third criteria. Further, appellant's merit brief indicates Attorney Davitt served appellant with a copy of the brief. Finally, appellant was provided with an opportunity to file a pro se brief; therefore, satisfying the fifth criteria.
 {¶ 13} After a full examination of all the proceedings, we further find this case is wholly frivolous. The record is devoid of any legal points arguable on the merits. Accordingly, Attorney Davitt's motion to withdraw is granted and the appeal is affirmed.
By: Wise, J., Gwin, P.J., and Hoffman, J., concur.